JHW:stm 12565 11/9/10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY, et al. | ) CASE NO. 1:10-cv-02518 <br> ) |
| Plaintiffs, | ) JUDGE GAUGHAN <br> ) MAGISTRATE JUDGE BAUGHMAN |
| vs. | ) **SEPARATE ANSWER OF** <br> ) **DEFENDANT TRAXXAS L.P. TO THE** |
| TRAXXAS, L.P. et al. | ) **COMPLAINT WITH CROSSCLAIM** <br> ) |
| Defendants. | ) **(Jury Demand Endorsed Hereon)** <br> ) <br> ) |

Now comes the Defendant Traxxas, L.P., by and through its attorneys, Williams, Moliterno & Scully Co., L.P.A., and for its Separate Answer to Plaintiffs' Complaint, says:

1. Defendant Traxxas, L.P. denies the allegations of paragraph 1 of the Complaint for want of knowledge, lack of information or otherwise.

2. Defendant Traxxas, L.P. denies the allegations of paragraph 2 of the Complaint for want of knowledge, lack of information or otherwise.

3. In response to paragraph 3 of the Complaint, defendant Traxxas, L.P. denies that remote controlled cars manufactured by it contained batteries manufactured by Venom Group International at the time of sale, but admits they could operate with batteries purchased separately and manufactured by the defendant, Venom Group

International. Further answering said paragraph denies any and all remaining allegations contained therein for want of knowledge, lack of information or otherwise.

    4.    Defendant Traxxas, L.P. denies the allegations of 5 of Plaintiffs' Complaint for want of knowledge, lack of information or otherwise.

    5.    Defendant Traxxas, L.P. denies the allegations of paragraph 5 of Plaintiffs' Complaint for want of knowledge, lack of information or otherwise.

    6.    Defendant Traxxas, L.P. denies the allegations of paragraph 6 of Plaintiffs' Complaint for want of knowledge, lack of information or otherwise.

    7.    Defendant Traxxas, L.P. denies the allegations of paragraph 7 of Plaintiffs' Complaint.

    8.    Defendant Traxxas, L.P. denies the allegations of paragraph 8 of Plaintiffs' Complaint for want of knowledge, lack of information or otherwise.

    9.    Defendant Traxxas, L.P. denies the allegations of paragraph 9 of Plaintiffs' Complaint.

    10.    Defendant Traxxas, L.P. denies the allegations of paragraph 10 of Plaintiffs' Complaint.

    11.    Defendant Traxxas, L.P. denies the allegations of paragraph 11 of Plaintiffs' Complaint.

    12.    Defendant Traxxas, L.P. denies the allegations of paragraph 12 of Plaintiffs' Complaint.

    13.    Defendant Traxxas, L.P. denies that plaintiffs are entitled to the relief sought in their prayer contained in the Complaint.

14. Defendant Traxxas, L.P. further denies any and all remaining allegations of plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

15. Defendant Traxxas, L.P. states that Plaintiffs herein have failed to state a claim upon which relief can be granted pursuant to the Federal Rules of Procedure, Rule 12(b)(6) and that, therefore, they are barred from recovery.

16. Plaintiffs' Complaint fails to join all indispensable and/or necessary parties pursuant to Federal Rules of Civil Procedure, Rule 19, and, therefore, Plaintiffs are barred from recovery.

17. This Defendant says, without intending to admit any negligence on its part, that the accident described in the Complaint was caused solely and proximately by the negligence of the Plaintiffs, and/or in the alternative, that said Plaintiffs were comparatively negligent to a degree which precludes them from recovery against this answering Defendant.

18. The Defendant, while continuing to deny all of the allegations of the Plaintiffs' Complaint, further says that if it should be found that this defendant was negligent, or liable for any misconduct, as alleged by plaintiff in the Complaint, then plaintiffs were negligent in voluntarily assuming a known risk which they had opportunity to avoid by the use of ordinary care.

19. This Defendant states that the purported injuries as alleged in Plaintiffs' Complaint were proximately caused or proximately contributed to by a superseding

and intervening cause or cause other than any act or omission on the part of the Defendant and, accordingly, recovery against this Defendant is barred

20. Defendant Traxxas, L.P. states that the Plaintiffs herein have failed to mitigate their damages as required by law

21. This Defendant says that whatever injuries and/or damages plaintiffs sustained, if any, were the proximate result of plaintiff's insured's misuse and abuse of defendant Traxxas, L.P.'s product.

22. This answering Defendant says that it had no contract with plaintiffs, and that it made no warranties upon which plaintiff could reasonably rely.

23. This answering Defendant says that its product was made with due and appropriate care, and contained all appropriate warnings and met industry standards at the time of its release and sale to the general public.

24. This defendant says that it did not manufacture or sell the product(s) alleged by plaintiffs to be defective.

25. This answering Defendant would further reserve the right to assert any and all additional defenses that may become known during the course of investigation and discovery in this matter.

**WHEREFORE,** having fully answered Plaintiff's' Complaint, Defendant Traxxas, L.P. prays that same be dismissed, with prejudice, and at Plaintiffs' costs. This defendant further prays for any and all additional relief which this Court deems just and appropriate.

## CROSSCLAIM AGAINST DEFENDANT VENOM GROUP INTERNATIONAL

Now comes the Defendant/Cross-Claimant, Traxxas, L.P., by and through its attorneys, WILLIAMS, MOLITERNO & SCULLY CO., L.P.A., and for its Crossclaim against the Defendant, Venom Group International says:

1. Defendant, Traxxas, L.P., says that Plaintiffs, Grange Mutual Insurance Company and Todd Bloam, have filed a Complaint against this Defendant and against the Co-Defendant, Venom Group International, and that Plaintiffs allege that they have suffered injuries and damages as a result of an incident which occurred on November 14, 2009, involving Plaintiff, Defendant Traxxas, L.P. and Co-Defendant, Venom Group International. The allegations of the Complaint are incorporated herein by reference, not for the purposes of admitting same, but solely to state the basis of this Crossclaim. Defendant, Traxxas, L.P., further incorporates herein each and every of the paragraphs of its Answer set out above.

2. Defendant, Traxxas L.P., says that in the event that it is found to be liable to the Plaintiffs, Grange Mutual Casualty Insurance Company and Todd Bloam, which liability is denied, Defendant, Venom Group International, was also negligent and is liable to Plaintiffs for their injuries and damages.

3. Defendant, Traxxas, L.P., further says that Plaintiff's injuries and damages, if any, are the proximate result of the negligence of the Co-Defendant, Venom Group International.

4. Defendant, Traxxas, L.P., says that in the event it is held liable to the Plaintiffs, which liability is denied, Defendant Traxxas, L.P. is entitled to be indemnified

by the Co-Defendant, Venom Group International, for any damages that Defendant Traxxas, L.P. is required to pay to the Plaintiffs.

5. Defendant, Traxxas, L.P., further says that in the event it is held liable to the Plaintiffs herein, which is denied, Defendant, Traxxas, L.P., is entitled to contribution from the Co-Defendant, Venom Group International, pursuant to Ohio law.

**WHEREFORE**, Defendant, Traxxas, L.P. prays for judgment against the Defendant, Venom Group International on its Crossclaim as the facts and evidence at Trial shall show.

Respectfully submitted,

WILLIAMS, MOLITERNO & SCULLY CO., L.P.A.

By: _____
JOSEPH H. WANTZ (0023406)
Attorney for Defendant Traxxas
2241 Pinnacle Parkway
Twinsburg, OH 44087-2357
(330) 405-5061/Fax (330) 405-5586
jwantz@wmslawohio.com

### JURY DEMAND

A trial by jury is hereby requested on issues herein.

WILLIAMS, MOLITERNO & SCULLY CO., L.P.A.

By: _____
JOSEPH H. WANTZ (0023406)
Attorney for Defendant Traxxas, L.P.

## CERTIFICATE OF SERVICE

A true copy of the foregoing **Separate Answer to Plaintiffs' Complaint With Crossclaim** was sent by regular U.S. mail, postage prepaid, on this 11th day of November, 2010 to:

William H. Keis
55 Public Square, Suite 800
Cleveland, OH 44113
*Attorney for Plaintiffs*

Jeffrey M. Elzeer
21055 Lorain Road
Cleveland OH 44126
*Attorney for Defendant Vertical Partners West, LLC dba Venom Group International*

WILLIAMS, MOLITERNO & SCULLY CO., L.P.A.

By: *[signature]*
JOSEPH H. WANTZ (0023406)
Attorney for Defendant Traxxas, L.P.